**DHF Law, P.C.**
Devin H. Fok, Esq. (SBN #256599)
devin@devinfoklaw.com
Ainat Kiewe (SBN #207439)
ainat@devinfoklaw.com
2304 Huntington Drive, Suite 210
San Marino, CA 91108
Ph: (888) 651-6411
Fax: (818) 484-2023

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| NIKAYLA HEYWARD, as an individual, | Case No.: 8:22 cv1345 WFJ-AEP |
| Plaintiff(s), | **INDIVIDUAL AND CLASS COMPLAINT FOR DAMAGES** |
| vs. | **JURY TRIAL DEMANDED** |
| APPLICANT INSIGHT, INC., a Foreign Corporation registered to do business in the State of Florida; and JOHN DOES, 1-10 inclusive, | |
| Defendant(s). | |

Plaintiff NIKAYLA HEYWARD (hereafter as "Plaintiff") hereby files her Individual and Class Complaint for Damages against Defendant APPLICANT INSIGHT, INC., (hereafter "Defendant") and JOHN DOES 1-10 inclusive (hereafter collectively as "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action arising out of an erroneous background check report issued by Defendant causing Plaintiff to lose her employment opportunity.

2. Defendant is an employment consumer reporting agency.

3. On or about July 2020, Plaintiff submitted an employment application.

4. In connection with Plaintiff's employment application, Defendant furnished a consumer report on Plaintiff.

5. Defendant disclosed that Plaintiff was charged with Felony "Fraudulent Acquisition or Use of Food Stamps." *See* **Exhibit** 1 Page 6. The report failed to disclose any critical information associated with the case. For example, under both the "Case Number" and "Disposition" it says "Not provided."

6. This is patently false. A cursory review of the County of Beaufort Court records prior to disclosure would have alerted Defendant all of the necessary information including the case number as well as the disposition of "Nolle Prosequi" or no prosecution.

7. Plaintiff was never convicted of the crime.

8. Defendant's disclosure is both inaccurate and incomplete.

9. Under the Fair Credit Reporting Act ("FCRA") 15 USC 1681, Plaintiff was required to use strict procedures to ensure that the public records information reported is complete and up date.

10. Defendant cannot possibly have complied with the FCRA by failing to consult publicly available information through the court's website.

11. Accordingly, Plaintiff is informed, believes, and thereon alleges that Defendant has no procedure in place to ensure that consumer reports are updated.

12. As a direct result of Defendant's lack of adequate procedures and failure to verify public records, Plaintiff was denied employment.

13. Under the Fair Credit Reporting Act ("FCRA" 15 USC §1681 *et seq*.) §1681e(b), Defendant was required to use reasonable procedures to ensure the *maximum possible accuracy* of the information reported. Disclosing a charge that was never prosecuted is a clear violation of this statute.

14. In addition, when disclosing criminal records for employment purposes, a consumer reporting agency is further required to use *strict procedures* to ensure that the reported information is complete and up to date.

15. The consumer report which fails to disclose the correct charge, is not complete and not up-to-date.

16. To date, Plaintiff has never been hired by her prospective employer.

17. Accordingly, Plaintiff seeks recovery for her actual damages, including loss of earnings, emotional distress and damage to her reputation. Moreover, Plaintiff seeks statutory penalties, punitive damages, as well as attorney's fees and costs.

## **THE PARTIES**

18. Plaintiff is a resident of Hampton County, South Carolina.

19. Defendant Applicant Insight is a consumer reporting agency, within the meaning of the 15 USC §1681a(f).

20. Defendant is a Foreign Corporation registered to do business with the Florida Secretary of State. Defendant is subject to the jurisdiction of this Court and may be served with process by serving its registered agent, Corporation Service Company.

21. Plaintiff is ignorant of the Defendants sued herein as JOHN DOES 1-10, inclusive, and therefore, sues those Defendants by such capacities when such information is ascertained through discovery.

22. Plaintiff is informed and believes and thereon alleges that each of the JOHN DOES 1-10 Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such occurrences.

23. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants JOHN DOES 1-10, were principals or agents of each other and of the named Defendants and in doing the things alleged in this complaint, were acting in the scope of such agency and with the permission and consent of Defendants.

COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL

1

## FACTS

2   24. On or about July 23, 2020, Applicant Insight furnished a background check report to

3   Plaintiff's prospective employer.

4   25. The report disclosed a February 25, 2016 felony charge, "Food Stamps Fraud Acquisition

5   Greater Than $2,000.00 But Less Than $10,000.00". *See* **Exhibit** 1 Page 6.

6   26. In fact, Plaintiff was not convicted and the case was never prosecuted. *See* **Exhibit** 2 Page 1.

7   27. Under the Fair Credit Reporting Act ("FCRA" 15 USC §1681 *et seq*.) §1681e(b), Defendant

8   was required to use reasonable procedures to ensure the *maximum possible accuracy* of the

9   information reported. Disclosing a charge that was never prosecuted is a clear violation of this

10   statute.

11   28. In addition, when disclosing criminal records for employment purposes, a consumer

12   reporting agency is further required to use *strict procedures* to ensure that the reported

13   information is complete and up to date.

14   29. The background check report by Defendant Applicant Insight which fails to disclose the

15   current disposition of "Nolle Prosse" is not complete and not up to date.

16

17   ## CLASS ACTION ALLEGATIONS AGAINST APPLICANT INSIGHT

18   30. The Plaintiff pleads the following class action claim against Applicant Insight, on behalf of

19   herself and the Class defined below:

20

21   **Claim No. 4**: Selling criminal history information relating to the consumer where there is no

22   final disposition of conviction or dismissal and with no future court date stated.

23

24   31. The Plaintiff asserts the above Claim on behalf of herself and the *"Incomplete Records*

25   *Class"* defined as follows:

26

27   1. All consumers for whom Applicant Insight, in the five years predating the filing of this

28   Complaint and continuing through the date the class list is prepared, sold a consumer report

- 4 -

COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL

information to where no final disposition of a criminal charge was disclosed and no future court date stated.

32. Numerosity: The Class is so numerous that joinder of all class members is impracticable. Applicant Insight, regularly sells consumer information that are inaccurate, incomplete and not updated.

33. Typicality: Plaintiff's claims are typical of the members of the Class. Applicant Insight routinely sells consumer report information to CRAs to be used in background check reports generated for employment purposes and typically includes inaccurate information as well as public records information which is incomplete and not updated. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members and Applicant Insight treated Plaintiff consistent with other class members in accordance with its standard policies and practices.

34. Adequacy: Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in complex class action litigation.

35. Commonality: Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

a. Whether Applicant Insight furnishes criminal records information to CRAs to be used in the preparation and sale of consumer reports by CRAS to potential Employers;

b. Whether Applicant Insight violated the FCRA by furnishing inaccurate, incomplete and outdated criminal records information as prohibited by the FCRA;

c. Whether Applicant Insight knew or had reasonable cause to believe that the criminal records information furnished by it is inaccurate, incomplete, and not up-to-date;

d. Whether the Applicant Insight's violations of the FCRA were willful;

e. The proper measure of statutory damages; and

f. The proper measure of punitive damages.

36. This case is maintainable as a class action because prosecution of actions by or against individual members of the Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Applicant Insight. Further, adjudication of each individual class member's claim as separate action would prospectively be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

37. Class certification is also appropriate because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Applicant Insight's conduct described in this Class Action allegation stems from common and uniform policies and practices, resulting in common violations of the FCRA. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Applicant Insight's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all class members' claims in a single forum.

38. Plaintiff intends to send notice to all members of the Class to the extent required Rule 3.766 (a) of California Rules of Court. The names and addresses of the class members are available from Applicant Insight's records.

## FIRST CAUSE OF ACTION

**(15 USC §1681e(b) against Defendant Applicant Insight, Inc. and JOHN DOES 1-10)**

*(Plaintiff individually, and on behalf of herself)*

39. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL

40. Defendant willfully and/or recklessly violated the above-referenced sections of the FCRA by disclosing erroneous information.

41. Defendant's conduct was willful and/or reckless because it knew that its failure to consult the original source of the criminal history information is insufficient to ensure maximum possible accuracy of the criminal history information reported.

42. Alternatively, Plaintiff alleges that Defendant's violations were negligent.


## **SECOND CAUSE OF ACTION**

### **(15 USC §1681k(a)(2) against Defendant Applicant Insight, Inc. and JOHN DOES 1-10)**

### *(Plaintiff individually, and on behalf of herself)*

43. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

44. Defendant willfully and/or recklessly violated the above-referenced sections of the FCRA by disclosing erroneous information.

45. Defendant's conduct was willful and/or reckless because it knew that its failure to consult the original source of the criminal history information would be insufficient to ensure that the reported information is complete and up to date.

46. Plaintiff is informed and believes and thereon alleges Defendant failed to sufficiently conduct audits, reviews, or quality control of the information it disclosed.

47. Alternatively, Plaintiff alleges that Defendant's violations were negligent.


## **THIRD CAUSE OF ACTION**

### **(15 USC §1681g Defendant Applicant Insight, Inc. and JOHN DOES 1-10)**

### *(Plaintiff individually, and on behalf of herself)*

48. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

49. Plaintiff is informed and believes and thereon alleges Defendant failed to provide a full file in response to Plaintiff's request for information sent via certified mail to Defendant's address located at P.O. Box 458, New Port Richey, FL 34656 which is Defendant's stated mailing address. *See* https://applicantinsight.com/Contact/ last viewed 11/18/2020.

50. The certified mail tracking information shows that the request was "delivered" on August 17, 2020 at 10:02 am.

51. To date, Defendant has failed to provide any response whatsoever to the full file request made pursuant to 15 USC §1681g.

52. Defendant's violations entitle Plaintiff to damages pursuant to 15 USC §1681n and o including but not limited to actual and/or statutory penalties, emotional distress, damage to reputation and attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the Class, respectfully prays for judgement against Defendants and each of them as follows:

 a. Determining that this action may proceed as a class action against Applicant Insight.;

 b. Designating Plaintiff as representative for the Class and designating Plaintiff's Counsel as counsel for the Class;

 c. Issuing proper notice to the Class at Applicant Insight's expense;

 d. For a declaration that both the Defendants' practices violated the statutes as specified above;

 e. For statutory, compensatory, special, general, and punitive damages according to proof and as applicable against all Defendants;

 f. For interest upon such damages as permitted by law;

 g. For an award of reasonable attorneys' fees provided by law under all applicable statutes;

 h. For the costs of suit;

 i. For injunctive relief as applicable; and

 j. For such other orders of the Court and further relief as the Court deems just and proper.

COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL

1

## DEMAND FOR JURY TRIAL

2    Plaintiff and the Class hereby requests and demands a jury trial on all issues triable by jury.

3

4    DATED: June 9, 2022

5

6
                                     DEVIN H. FOK, ESQ.

7
                                     **DHF LAW, P.C.**
                                     Attorney for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL